UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM STREGE,

        Plaintiff,

v.                                            Case No.  1:20-cv-960

COMMISSIONER OF SOCIAL        Hon. Ray Kent
SECURITY,

        Defendant.
_____/

**ORDER OF TRANSFER**

*Pro se* plaintiff has filed a complaint and an application to proceed *in forma pauperis*. *See* Compl. (ECF No. 1); Application (ECF No. 2). While most of plaintiff's complaint is rambling nonsense, it appears to include an attempt to appeal the Social Security Administration's decision to cease his benefits in May 2019, because he was "imprisoned for the conviction of a crime." *See* SSA Letter (July 16, 2020) (ECF No. 1-1, PageID.9). It appears that plaintiff was released from prison on or about August 14, 2020. *See* Judgment of Dismissal (ECF No. 1-1, PageID.7). According to plaintiff, "I need my Social Security Reinstated before it gets to could [sic] to be Homeless." Compl. at PageID.1. Plaintiff does not explain the administrative procedure which resulted in the cessation of benefits or what steps he took to reinstate his benefits. However, based on plaintiff's allegations, the Court liberally construes his complaint as an attempt to obtain judicial review of the Commissioner's final decision with respect to Social Security benefits brought pursuant to 42 U.S.C. § 405(g). *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard").

1

Pursuant to § 405(g), venue for judicial review of a Commissioner's final decision "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). Plaintiff does not allege that he resides in, or has a principal place of business in, the Western District of Michigan. It appears that plaintiff resides in Colorado: he mailed the complaint to the Court from Grand Junction, Colorado, and lists his address as P.O. Box 3233, Grand Junction, Colorado. Based on this admittedly scant record, the Court concludes that proper venue for this action lies in the United States District Court for the District of Colorado. 28 U.S.C. § 85; 42 U.S.C. § 405(g). To correct this defect in venue, the Court looks to 28 U.S.C. § 1406(a) which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Given the nature of plaintiff's filing, the Court concludes that it is in the interest of justice to transfer this case to a district court which can address his Social Security claim. Accordingly,

**IT IS ORDERED** that this case be transferred to the United States District Court for the District of Colorado pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1406(a).

Dated:  October 13, 2020                                   /s/ Ray Kent
                                                          United States Magistrate Judge